**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 05-4123**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROOSEVELT O. MOOD,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge. (CR-04-682)

―――――――――

Submitted:  November 9, 2005          Decided:  December 5, 2005

―――――――――

Before WILKINSON, NIEMEYER, and LUTTIG, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Jonathan S. Gasser, Acting United States Attorney, Alston C. Badger, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Roosevelt Orlando Mood pled guilty to a two-count indictment for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000), and unlawful possession of body armor, in violation of 18 U.S.C. § 931(a) (2000). He was sentenced to the statutory mandatory minimum term as an Armed Career Criminal, under 18 U.S.C. § 924(e)(1) (2000), of one-hundred-eighty months of imprisonment on Count One and maximum term of thirty-six months of imprisonment on Count Two, under 18 U.S.C. § 924(a)(7), to run concurrently. Mood appeals his sentence.

Mood challenges the district court's determination that he is an Armed Career Criminal and the enhancement of his offense level because the firearm he possessed was stolen, citing Blakely v. Washington, 542 U.S. 296 (2004), and Booker v. United States, 125 S. Ct. 738 (2005). Because Mood preserved these issues by objecting to the presentence report based upon Blakely, our review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) ("If a defendant has made a timely and sufficient Apprendi[1] sentencing objection in the trial court, and so preserved his objection, we review de novo."). When a defendant preserves a Sixth Amendment error, "we must reverse unless we find this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." Id.

[1]Apprendi v. New Jersey, 530 U.S. 466 (2000).

- 2 -

(citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir. 2005) (discussing difference in burden of proving that error affected substantial rights under harmless error standard in Fed. R. App. P. 52(a), and plain error standard in Fed. R. App. P. 52(b)).

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. §§ 3553(b)(1), 3742(e) (West 2000 & Supp. 2005), thereby making the guidelines advisory. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).

After Booker, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If a court imposes a sentence outside the guideline range, the district court must state its reasons for doing so. Id.

Mood claims on appeal that the district court erred in sentencing him as an Armed Career Criminal. Mood's argument is foreclosed by United States v. Thompson, 421 F.3d 278 (4th Cir. 2005), in which we held that sentencing courts may rely on prior

convictions to invoke the enhancement provided by § 924(e)(1), even if the prior convictions were not charged in the indictment or found by a jury, so long as no facts extraneous to the fact of conviction need be decided. Id. at 282-83. Mood does not dispute the fact of the prior convictions or identify any "extraneous facts" that are relevant to this case. We therefore conclude that no constitutional error occurred in this case.

Mood also challenges the district court's imposition of a sentence enhancement based on the stolen nature of the firearm Mood possessed at the time of the offense. We find any error was harmless because it did not cause Mood to be sentenced above the mandatory minimum sentence imposed under 18 U.S.C. § 924(e)(1). See United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005) ("Booker did nothing to alter the rule that judges cannot depart below a statutorily provided minimum sentence.").

Mood also challenges the continued validity of Almendarez-Torres v. United States, 523 U.S. 224, 244 (1998), in light of the Supreme Court's decisions in Apprendi, and its progeny. The argument is foreclosed by Circuit precedent. See United States v. Cheek, 415 F.3d 349 (4th Cir. 2005); United States v. Sterling, 283 F.3d 216, 220 (4th Cir. 2002).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>